## MARINO v YOUNGSTOWN (City)

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 8, 1929

Nathan Kaufman, Youngstown, for Marino.

W. B. Spagnola, Youngstown, for city.

**FARR, J.**

The record does not disclose that any person other than Marino had access to the barn, nor was it rented to any one else. Valley, was the owner of the property, and it is not disputed in the testimony, had rented the building or garage to Marino. He says that Marino put a lock on the basement door and there were larger sliding doors to the garage also locked, and by which it was entered. Marino does not deny that he rented the garage or that he put a lock upon the door. He does deny, however, that he owned the liquor. He admits that the Nash coupe belongs to him but denies all knowledge of the liquor save and except that he admits that there were two one-gallon empty containers upon the seat of his automobile. He indicates, however, that some one had broken into the garage. It will be noted that the building was locked by Marino, who must have had the key, and it is hardly probable that any one else put the liquor in the garage.

The testimony of Callan, the prohibition inspector, is corroborated by Carney, a policeman, and O'Hara, a detective of the City of Youngstown, and also by Metcalfe chief of the vice squad. The testimony of Marino is not corroborated by anyone save and except one witness by the name of Frank, who says that Marino is a man of good character, a fruit dealer.

It was upon this testimony that the Municipal Court found the accused guilty, and certainly upon a review of the same, this court could not well say that it is so clearly and manifestly against the weight of the evidence that the judgment should be reversed. Therefore, the Municipal Court was warranted in finding the accused guilty. He had rented a garage some two or three days before, he was paying the rent, he was the owner of the Nash coupe where the liquor was found, he admitted that two empty containers were on the seat of is automobile. He was in full possession of the garage, he no doubt had the key, he no doubt had been using his car. He does not attempt to say that anyone else had placed these containers in the automobile, and therefore, the trial court was warranted in finding the accused guilty.

The judgments of the Municipal Court and the Court of Common Pleas are affirmed and the cause remanded to the Municipal Court of the City of Youngstown for execution of sentence.

Pollock and Roberts, JJ, concur.